**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4037-23

IN THE MATTER OF VINCENT
ANTENUCCI, DIVISION OF
STATE POLICE, DEPARTMENT
OF LAW AND PUBLIC SAFETY.

_____

Argued November 19, 2025 – Decided March 4, 2026

Before Judges Mayer and Jacobs.

On appeal from the New Jersey Civil Service Commission, Docket No. 2024-2589.

Michael A. Bukosky argued the cause for appellant Vincent Antenucci (Michael A. Bukowsky & Associates, attorneys; Michael A. Bukosky, of counsel and on the briefs).

Gordon C. Estes, Deputy Attorney General, argued the cause for the respondent Civil Service Commission (Matthew J. Platkin, Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Gordon C. Estes, on the brief).

PER CURIAM

Vincent Antenucci appeals from a July 24, 2024 final decision of the Civil Service Commission (Commission) denying his request for waiver of a repayment of salary overpayment under N.J.A.C. 4A:3-4.21.  We affirm.

I.

We briefly recount the relevant facts.  Antenucci was employed by New Jersey State Police (NJSP) as a State Trooper.  In August 2012, he was promoted to the title of "Trooper 2," entitling him to a salary increase of approximately $4,000 per year.  Due to a purported administrative error, NJSP placed Antenucci at a higher salary level than he was entitled.  As a result, his salary increased to $87,913.02 instead of $81,840.18.

Over the years, Antenucci received three more promotions, compounding the salary error.  In May 2019, NJSP informed Antenucci of a salary overpayment, totaling $29,000, and advised he would have to return the money.

Antenucci applied to the Commission for a repayment waiver under N.J.A.C. 4A:3-4.21.  He contended the overpayment stemmed from an administrative error by NJSP, he was unaware of the overpayment because he was expecting a salary increase at the time, and requiring repayment would impose financial hardship on his family.  On December 23, 2019, the Commission rejected Antenucci's request for a waiver.

A-4037-23

To be entitled to a waiver under the regulation, Antenucci needed to demonstrate: (1) the overpayment was such that the employee could reasonably have been unaware of the error; (2) the overpayment resulted from a specific administrative error and was not due to mere delay in processing a change in pay status; and (3) the terms of the repayment schedule resulted in an economic hardship to the employee. See N.J.A.C. 4A:3-4.21.

The Commission found "the record clearly shows that an administrative error resulted in the salary overpayment," thereby satisfying the second requirement under N.J.A.C. 4A:3-4.21. It concluded, however, that Antenucci failed to satisfy the remaining criteria for a waiver. The Commission determined the nearly $10,000 salary increase — far exceeding the anticipated $4,000 raise — was sufficient to accord Antenucci constructive notice of a payroll error. It also rejected his claim of economic hardship, noting that "the appointing authority ha[d] not set any repayment schedule."

Antenucci appealed the Commission's decision. Separately, the State Trooper's Non-Commissioned Officers Association (Association) filed a grievance on Antenucci's behalf with the Public Employment Relations Commission (PERC) against NJSP. The grievance sought "proof of

overpayment" and a finding that "any payment plan [must] be collectively negotiated."

In an unpublished opinion, we affirmed the Commission's denial of Antenucci's first waiver application. See In re Antenucci, No. A-2165-19 (App. Div. Oct. 27, 2021). However, we explained that our affirmance of the Commission's December 23, 2019 decision was based solely on the record before the agency at that time, and nothing barred Antenucci from filing a new waiver application after the PERC arbitrator issued a decision on the Association's grievance claims.

On May 21, 2024, the PERC arbitrator issued a written decision finding, among other things, that the Association failed to meet its burden to prove that Antenucci was not mistakenly overpaid. The arbitrator further found the NJSP violated its collective bargaining agreement "by failing to negotiate over the repayment plan for the overpaid salary" and directed the parties to "negotiate a reasonable and, if necessary, lenient repayment schedule as ordered by the [Commission] and affirmed by the Appellate Division."

Following the arbitrator's decision, Antenucci did not negotiate a repayment plan. Instead, he applied again to the Commission for a repayment waiver, asserting "the documentary and evidentiary trail" regarding alleged

A-4037-23

overpayments was insufficient to establish an actual overpayment. He again contended that repayment of the overpaid amount in full would cause him economic hardship.

In July 2024, the Commission denied Antenucci's second waiver application, stating it lacked "the ability to set aside the decision and award of a PERC-appointed arbitrator" regarding the existence of overpayment. It further concluded Antenucci could not prove how repayment would cause him economic hardship given that the parties had not yet set a repayment schedule.

Antenucci timely appealed.

II.

A final agency decision is entitled to "substantial deference." In re Herrmann, 192 N.J. 19, 28 (2007). We maintain a limited role in reviewing the decisions of an administrative agency and will reverse only if it is "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." In re Stallworth, 208 N.J. 182, 194 (2011) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). "Thus, if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's even though the court might have reached a different result." Greenwood v. State Police Training Ctr., 127

A-4037-23

N.J. 500, 513 (1992).

A presumption of reasonableness attaches to the actions of administrative agencies. City of Newark v. Nat. Res. Council, Dep't of Env't Prot., 82 N.J. 530, 539-40 (1980). We defer to an agency's expertise where substantial evidence supports the agency's determination. Stallworth, 208 N.J. at 194.

N.J.S.A. 11A:3-7 authorizes the Commission to administer the State employee compensation plan. "When an employee has erroneously received a salary overpayment, the commission may waive repayment based on a review of the case." N.J.S.A. 11A:3-7(c). N.J.A.C. 4A:3-4.21(a) sets forth the standard governing waiver. For the Commission to "waive, in whole or in part, the repayment of an erroneous salary overpayment," the applicant must show:

> 1. The circumstances and amount of the overpayment were such that an employee could reasonably have been unaware of the error;
>
> 2. The overpayment resulted from a specific administrative error, and was not due to mere delay in processing a change in pay status; [and]
>
> 3. The terms of the repayment schedule would result in economic hardship to the employee.
>
> [N.J.A.C. 4A:3-4.21(a).]

Antenucci acknowledges this statutory framework governs a dispute surrounding alleged overpayment. However, he notes the regulation does not

address a situation in which the accuracy of the alleged overpayment itself is in dispute. The Commission acknowledges the regulation does not create a right to dispute whether an overpayment occurred. Rather, such a dispute is governed by NJSP's negotiated agreement with the Association. Pursuant to that agreement, Antenucci filed a grievance. That grievance was adjudicated, with the arbitrator finding the Association had not met its burden to prove Antenucci was not mistakenly overpaid. We agree with the Commission's position.

Under N.J.S.A. 2A:23B-23 and -24, a party seeking to vacate, modify, or correct an arbitration award must file a summary action in the New Jersey Superior Court within 120 days of receiving notice of the award. Here, the arbitrator issued his decision on May 21, 2024, giving Antenucci until September 18, 2024, to file such an action. He failed to do so. Accordingly, the Commission was bound to accept the arbitrator's determination that an erroneous overpayment occurred and that NJSP was entitled to recoup it.

Moreover, we are satisfied the Commission did not act arbitrarily or capriciously in denying Antenucci's second waiver application. First, Antenucci failed to establish that he lacked notice of the overpayment. As noted in our prior opinion and in the Commission's decision, Antenucci received a raise of nearly $10,000, far exceeding the approximately $4,000 increase expected from

his promotion. That substantial discrepancy should have alerted him to the possibility of an overpayment.

Because no repayment schedule has been set, Antenucci cannot demonstrate repayment would impose an economic hardship. Having failed to satisfy the first and third elements of N.J.A.C. 4A:3-4.21, he did not meet his burden of showing entitlement to a waiver of the salary overpayment. The Commission therefore did not err in denying relief.

Any remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

8                                                                    A-4037-23